RECEIVED
SEP 14 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

FILED
SEP 14 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| SALLIE CRIDER,<br>    Plaintiff,<br><br>vs.<br><br>TEXAS DEPARTMENT OF STATE HEALTH SERVICES,<br><br>TEXAS DEPARTMENT OF ASSISTIVE AND REHABILITATION SERVICES,<br><br>MARY WOLFE AS AN INDIVIDUAL AND IN HER OFFICIAL CAPACITY,<br><br>ANNE PANKO AS AN INDIVIDUAL AND IN HER OFFICIAL CAPACITY,<br><br>BRENDA BRADLEY AS AN INDIVIDUAL AND IN HER OFFICIAL CAPACITY,<br><br>DAN TIPPIT AS AN INDIVIDUAL AND IN HIS OFFICIAL CAPACITY,<br><br>AND AUSTIN STATE HOSPITAL,<br>    Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>A11CA808 LY<br><br>CIVIL ACTION NO. _____ |

## <u>PLAINTIFF, SALLIE CRIDER'S, ORIGINAL COMPLAINT</u>
### AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Sallie Crider, hereinafter called Plaintiff, complaining of and about Texas Department of State Health Services, Texas Department of Assistive and Rehabilitation Services, Mary Wolfe as an Individual and in her Official Capacity, Anne Panko as an Individual and in her Official Capacity, Brenda Bradley as an Individual and in her Official Capacity, Dan Tippit as an Individual and in his Official Capacity and Austin State Hospital, hereinafter called Defendants, and for cause of action shows unto the Court the following:

## PARTIES AND SERVICE

1. Plaintiff Sallie Crider, is a citizen of the United States and the State of Texas and resides in Travis County, Texas.

2. Defendant Texas Department of State Health Services may be served with citation by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079.

3. Defendant Texas Department of Assistive and Rehabilitation Services may be served with citation by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079.

4. Defendant Mary Wolfe, an Individual who is a resident of Texas, may be served with process at her place of employment at the following address:   Department of Assistive & Rehabilitation Services, 6101 Oltorf, Austin, Travis County, Texas 78741.

Service of said Defendant as described above can be effected by personal delivery.

5. Defendant Anne Panko, an Individual who is a resident of Texas, may be served with process at her place of employment at the following address: Department of Assistive & Rehabilitation Services, 6101 Oltorf, Austin, Travis County, Texas 78741. Service of said Defendant as described above can be effected by personal delivery.

6. Defendant Brenda Bradley, an Individual who is a resident of Texas, may be served with process at her place of employment at the following address: Department of Assistive & Rehabilitation Services, 6101 Oltorf, Austin, Travis County, Texas 78741. Service of said Defendant as described above can be effected by personal delivery.

7. Defendant Dan Tippit, an Individual who is a resident of Texas, may be served with process at his place of employment at the following address: Department of Assistive & Rehabilitation Services, 6101 Oltorf, Austin, Travis County, Texas 78741. Service of said Defendant as described above can be effected by personal delivery.

8. Defendant Austin State Hospital may be served with citation by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079.

## JURISDICTION

9. The action arises under 42 U.S.C. § 1983, 42 U.S.C. §2000e, and the first amendment to the Constitution of the United States of America as hereinafter more fully

appears.

10. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. § 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

11. This is an action under Title 42 U.S.C. § 1983, and Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991, and the first amendment to the United States Constitution to correct unlawful employment practices on the basis of religion.

## CONDITIONS PRECEDENT

12. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

13. Plaintiff is a member of the United Church of God. Plaintiff was employed with Defendant Texas Department of Assistive and Rehabilitation Services (hereinafter "DARS") from April 1, 2004 through September 15, 2010.

On or about August 10, 2010, Plaintiff submitted a request for time off to observe

certain holidays which are traditionally observed as part Plaintiff's religion. Defendants Brenda Bradley and Dan Tippit denied said request. On or about September 1, 2010, Plaintiff filed a complaint with the DARS Civil Rights Office alleging discrimination on the basis of religion. On or about September 10, 2010, Plaintiff was informed that her request for time off would be granted.

On or about September 13, 2010, the next business day after Plaintiff's request was granted, Plaintiff received a notice of possible disciplinary action filed by Defendant Dan Tippit. This notice of disciplinary action was filed in retaliation as it would result in automatic termination three days before Plaintiff had been granted time off, resulting in the loss of Plaintiff's earned vacation time.

Because of the discriminatory employment practices of DARS and its managers and supervisors, which *de facto* denied Plaintiff the right to participate in the religious holidays, Plaintiff was constructively discharged on or about September 15, 2010.

On or about March 1, 2011, Plaintiff began working as an administrative assistant for Defendant Austin State Hospital, a division of Defendant Texas Department of State Health Services.

On or about March 7, 2011, Plaintiff's employment with Defendant Austin State Hospital was terminated after Plaintiff informed her supervisors that Plaintiff's prior employment with DARS ended over a civil rights matter which was still pending at that

time.

## CLAIMS AGAINST TEXAS DEPARTMENT OF ASSISTIVE AND REHABILITATION SERVICES

**A.     Religious Discrimination Under 42 U.S.C. 2000(e)(2)(a)**

14.     Defendant, Texas Department of Assistive and Rehabilitation Services, intentionally engaged in unlawful employment practices involving Plaintiff because of Plaintiff's bona fide religious beliefs that compels Plaintiff to take off approximately one week per year in observance of holidays that are a traditional aspect of Plaintiff's religion.

15.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e (2)(a).  The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

16.     Plaintiff alleges that Defendant, Texas Department of Assistive and Rehabilitation Services, discriminated against Plaintiff on the basis of religion with malice or with reckless indifference to the protected rights of Plaintiff.

**B.     Claims Under 42 U.S.C. § 1983**

17.     Defendant Texas Department of Assistive and Rehabilitation Services is a person subject to liability under 42 U.S.C. §1983.

18. Said Defendant, acting under color of state law, deprived Plaintiff of a constitutionally guaranteed right. Specifically, Defendant denied Plaintiff benefits and imposed burdens on the terms and conditions of Plaintiff's employment because of Plaintiff's religious beliefs.

19. Additionally, said Defendant failed to adequately train and supervise employees which reflects a deliberate indifference to the rights of those who interact with Defendant and Defendant's employees which resulted in a deprivation of Plaintiff's federally guaranteed rights.

20. Plaintiff suffered damages because of Defendant's actions and/or omissions for which Plaintiff herein sues.

## C. Retaliation

21. Plaintiff alleges that Defendant Texas Department of Assistive and Rehabilitation Services instituted a campaign of retaliation which included taking adverse employment actions against Plaintiff and constructively discharging Plaintiff from employment. This retaliation was and is due to Plaintiff exercising her rights by opposing a discriminatory practice and by filing a charge of discrimination. Plaintiff suffered damages for which Plaintiff herein sues.

## D. Constructive Discharge

22. Defendant made the working conditions so intolerable that Plaintiff felt

compelled to resign her position. A reasonable person in the same position would have also felt compelled to resign. Plaintiff suffered damages for which Plaintiff herein sues.

## CLAIMS AGAINST TEXAS DEPARTMENT OF STATE HEALTH SERVICES

### A.   Retaliation

23.   Plaintiff alleges that Defendant Texas Department of State Health Services instituted a campaign of retaliation which included terminating Plaintiff's employment. This retaliation was and is due to Plaintiff exercising her rights by opposing a discriminatory practice and filing a charge of discrimination. Plaintiff suffered damages for which Plaintiff herein sues.

## CLAIMS AGAINST MARY WOLFE AS AN INDIVIDUAL AND IN HER OFFICIAL CAPACITY

### A.   Religious Discrimination Under 42 U.S.C. 2000(e)(2)(a)

24.   Defendant, Mary Wolfe intentionally engaged in unlawful employment practices involving Plaintiff because Plaintiff is a member of the United Church of God.

25.   Said Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e (2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

26. Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of religion with malice or with reckless indifference to the protected rights of Plaintiff.

**B.  Claims Under 42 U.S.C. § 1983**

27. Defendant Mary Wolfe is a person subject to liability under 42 U.S.C. §1983.

28. Said Defendant, acting under color of state law, deprived Plaintiff of a constitutionally guaranteed right. Specifically, Defendant denied Plaintiff benefits, and imposed burdens on the terms and conditions of Plaintiff's employment because of Plaintiff's religious beliefs.

29. Additionally, said Defendant failed to adequately train and supervise employees which reflects a deliberate indifference to the rights of those who interact with Defendant and Defendant's employees which resulted in a deprivation of Plaintiff's federally guaranteed rights.

30. Plaintiff suffered damages because of Defendant's actions and/or omissions for which Plaintiff herein sues.

**C.  Retaliation**

31. Plaintiff alleges that Defendant instituted a campaign of retaliation which included taking adverse employment actions against Plaintiff and constructively discharging Plaintiff from employment. This retaliation was and is due to Plaintiff

exercising her rights by opposing a discriminatory practice and by filing a charge of discrimination. Plaintiff suffered damages for which Plaintiff herein sues.

**D.     Tortious Interference With a Prospective Business Relationship**

32.    Plaintiff alleges that Defendant tortiously interfered with a prospective business relationship between Plaintiff and Austin State Hospital. Plaintiff alleges that there was a reasonable probability of success in the business relationship. Defendant willfully and intentionally interfered with said prospective business relationship in order to deprive Plaintiff of such relationship or of the full benefits of such relationship. Such interference was the proximate cause of Plaintiff's damages for which Plaintiff herein sues.

## CLAIMS AGAINST ANNE PANKO AS AN INDIVIDUAL AND IN HER OFFICIAL CAPACITY

**A.     Religious Discrimination Under 42 U.S.C. 2000(e)(2)(a)**

33.    Defendant, Anne Panko intentionally engaged in unlawful employment practices involving Plaintiff because of Plaintiff's bona fide religious beliefs that compel Plaintiff to take off approximately one week per year in observance of holidays that are a traditional aspect of Plaintiff's religion.

34.    Said Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e (2)(a). The effect of these practices has been to deprive Plaintiff of equal

employment opportunities and otherwise adversely affect her status as an employee because of her religion.

35. Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of religion with malice or with reckless indifference to the protected rights of Plaintiff.

**B.     Claims Under 42 U.S.C. § 1983**

36. Defendant Anne Panko is a person subject to liability under 42 U.S.C. §1983.

37. Said Defendant, acting under color of state law, deprived Plaintiff of a constitutionally guaranteed right. Specifically, Defendant denied Plaintiff benefits and imposed burdens on the terms and conditions of Plaintiff's employment because of Plaintiff's religious beliefs.

38. Additionally, said Defendant failed to adequately train and supervise employees which reflects a deliberate indifference to the rights of those who interact with Defendant and Defendant's employees which resulted in a deprivation of Plaintiff's federally guaranteed rights.

39. Plaintiff suffered damages because of Defendant's actions and/or omissions for which Plaintiff herein sues.

**C.     Retaliation**

40. Plaintiff alleges that Defendant instituted a campaign of retaliation which

included taking adverse employment actions against Plaintiff and constructively discharging Plaintiff from employment. This retaliation was and is due to Plaintiff exercising her rights by opposing a discriminatory practice and by filing a charge of discrimination. Plaintiff suffered damages for which Plaintiff herein sues.

**D.     Tortious Interference With a Prospective Business Relationship**

41.     Plaintiff alleges that Defendant tortiously interfered with a prospective business relationship between Plaintiff and Austin State Hospital. Plaintiff alleges that there was a reasonable probability of success in the business relationship. Defendant willfully and intentionally interfered with said prospective business relationship in order to deprive Plaintiff of such relationship or of the full benefits of such relationship. Such interference was the proximate cause of Plaintiff's damages for which Plaintiff herein sues.

## CLAIMS AGAINST BRENDA BRADLEY AS AN INDIVIDUAL AND IN HER OFFICIAL CAPACITY

**A.     Religious Discrimination Under 42 U.S.C. 2000(e)(2)(a)**

42.     Defendant, Brenda Bradley intentionally engaged in unlawful employment practices involving Plaintiff because of Plaintiff's bona fide religious beliefs that compel Plaintiff to take off approximately one week per year in observance of holidays that are a traditional aspect of Plaintiff's religion.

43.     Said Defendant discriminated against Plaintiff in connection with the

compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e (2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

44. Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of religion with malice or with reckless indifference to the protected rights of Plaintiff.

**B.      Claims Under 42 U.S.C. § 1983**

45. Defendant Brenda Bradley is a person subject to liability under 42 U.S.C. §1983.

46. Said Defendant, acting under color of state law, deprived Plaintiff of a constitutionally guaranteed right. Specifically, Defendant denied Plaintiff benefits, and imposed burdens on the terms and conditions of Plaintiff's employment because of Plaintiff's religious beliefs.

47. Additionally, said Defendant failed to adequately train and supervise employees which reflects a deliberate indifference to the rights of those who interact with Defendant and Defendant's employees which resulted in a deprivation of Plaintiff's federally guaranteed rights.

48. Plaintiff suffered damages because of Defendant's actions and/or omissions for which Plaintiff herein sues.

### C. Retaliation

49. Plaintiff alleges that Defendant instituted a campaign of retaliation which included taking adverse employment actions against Plaintiff and constructively discharging Plaintiff from employment. This retaliation was and is due to Plaintiff exercising her rights by opposing a discriminatory practice and by filing a charge of discrimination. Plaintiff suffered damages for which Plaintiff herein sues.

### D. Tortious Interference With a Prospective Business Relationship

50. Plaintiff alleges that Defendant tortiously interfered with a prospective business relationship between Plaintiff and Austin State Hospital. Plaintiff alleges that there was a reasonable probability of success in the business relationship. Defendant willfully and intentionally interfered with said prospective business relationship in order to deprive Plaintiff of such relationship or of the full benefits of such relationship. Such interference was the proximate cause of Plaintiff's damages for which Plaintiff herein sues.

## CLAIMS AGAINST DAN TIPPIT AS AN INDIVIDUAL AND IN HIS OFFICIAL CAPACITY

### A. Religious Discrimination Under 42 U.S.C. 2000(e)(2)(a)

51. Defendant, Dan Tippit intentionally engaged in unlawful employment practices involving Plaintiff because of Plaintiff's bona fide religious beliefs that compel Plaintiff to take off approximately one week per year in observance of holidays that are a

traditional aspect of Plaintiff's religion.

52. Said Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e (2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

53. Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of religion with malice or with reckless indifference to the protected rights of Plaintiff.

**B.      Claims Under 42 U.S.C. § 1983**

54. Defendant Dan Tippit is a person subject to liability under 42 U.S.C. §1983.

55. Said Defendant, acting under color of state law, deprived Plaintiff of a constitutionally guaranteed right. Specifically, Defendant denied Plaintiff benefits, and imposed burdens on the terms and conditions of Plaintiff's employment because of Plaintiff's religious beliefs.

56. Additionally, said Defendant failed to adequately train and supervise employees which reflects a deliberate indifference to the rights of those who interact with Defendant and Defendant's employees which resulted in a deprivation of Plaintiff's federally guaranteed rights.

57. Plaintiff suffered damages because of Defendant's actions and/or omissions

for which Plaintiff herein sues.

### C. Retaliation

58. Plaintiff alleges that Defendant instituted a campaign of retaliation which included taking adverse employment actions against Plaintiff and constructively discharging Plaintiff from employment. This retaliation was and is due to Plaintiff exercising her rights by opposing a discriminatory practice and by filing a charge of discrimination.

### D. Tortious Interference With a Prospective Business Relationship

59. Plaintiff alleges that Defendant tortiously interfered with a prospective business relationship between Plaintiff and Austin State Hospital. Plaintiff alleges that there was a reasonable probability of success in the business relationship. Defendant willfully and intentionally interfered with said prospective business relationship in order to deprive Plaintiff of such relationship or of the full benefits of such relationship. Such interference was the proximate cause of Plaintiff's damages for which Plaintiff herein sues.

## CLAIMS AGAINST AUSTIN STATE HOSPITAL

### A. Retaliation

60. Plaintiff alleges that Defendant Austin State Hospital instituted a campaign of retaliation which included terminating Plaintiff's employment. This retaliation was and is due to Plaintiff exercising her rights by opposing a discriminatory practice and filing a

charge of discrimination. Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

61. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

a. Compensatory damages for past and future lost wages in an amount that the court deems equitable and just;

b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

c. All reasonable and necessary costs incurred in pursuit of this suit;

d. Emotional pain;

e. Expert fees as the Court deems appropriate;

f. Back pay in an amount the Court deems equitable and just to make Plaintiff whole;

g. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

h. Inconvenience;

i. Interest;

j. Mental anguish in the past;

k. Mental anguish in the future;

    l. Loss of earnings in the past; and

    m. Loss of benefits.

## PUNITIVE DAMAGES

62. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for punitive damages.

## SPECIFIC RELIEF

63. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendants described hereinabove:

    a. Prohibit by injunction the Defendants from engaging in unlawful employment practices.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Sallie Crider, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant, together with interest as allowed by

law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Respectfully submitted,

McLAUGHLIN LAW OFFICE
Adam Froeschl
Texas Bar No. 24076390
Elizabeth McLaughlin
State Bar No. 22110500
3003 NW Loop 410, Suite 207
San Antonio, TX   78230
Tel. (210)444-9134
Fax. (210)525-0401

By: _____
Adam Froeschl
Texas Bar No. 24076390


By: _____
Elizabeth McLaughlin
State Bar No. 22110500

**ATTORNEYS FOR PLAINTIFF SALLY CRIDER**

Sallie Crider
Original Complaint

19

Page 19