IN THE UNTIES STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SALLIE CRIDER, <br>     *Plaintiff,* <br><br> vs. <br><br> TEXAS DEPARTMENT OF STATE HEALTH SERVICES, <br><br> TEXAS DEPARTMENT OF ASSISTIVE AND REHABILITATIVE SERVICES, <br><br> AUSTIN STATE HOSPITAL, <br><br> MARY WOLFE INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, <br><br> ANNE PANKO INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, <br><br> DAN TIPPIT INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, <br><br> BRENDA BRADLEY INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, <br><br> LINDY SHERMAN INDIVIDUALL AND IN HER OFFICIAL CAPACITY <br><br> REBECCA LEWIS INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, <br>     *Defendants.* | CIVIL ACTION NO. A11CA808LY |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE LEE YEAKEL, United States District Judge:**

**COMES NOW** Sallie Crider, hereinafter called Plaintiff, and files this First Amended Original Complaint complaining of and about Texas Department of State Health Services, Texas Department of Assistive and Rehabilitative Services, Austin State Hospital, Mary Wolfe, Anne Panko, Brenda Bradley Dan Tippit, Lindy Sherman, and Rebecca Lewis, hereinafter called Defendants, and for cause of action shows unto the Court the following:

## PARTIES AND SERVICE

1. Plaintiff Sallie Crider, is a citizen of the United States and the State of Texas and resides in Travis County, Texas.

2. Defendant Texas Department of State Health Services (hereinafter "DSHS"), a governmental agency, may be served with summons by serving the Secretary of the State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079. Said Defendant has agreed to waive service of summons.

3. Defendant Texas Department of Assistive and Rehabilitation Services (hereinafter "DARS"), a governmental agency, may be served with summons by serving the Secretary of the State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079. Said Defendant has agreed to waive service of summons.

4. Defendant Austin State Hospital (hereinafter "ASH"), a facility of Defendant DSHS, may be served with citation by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079.  Said Defendant, by and through Defendant's Attorney, Timothy E. Bray, has agreed to waive service.

5. This action is brought against Defendant Mary Wolfe Individually and in her

Official Capacity as the Assistant Commissioner of DARS Disability Determination Services. Defendant Mary Wolfe may receive service of summons at her place of employment at the following address: Department of Assistive & Rehabilitation Services, 6101 Oltorf, Austin, Travis County, Texas 78741.  Service of said Defendant as described above can be effected by personal delivery.  Said Defendant has agreed to waive service.

6. This action is brought against Defendant Anne Panko Individually and in her Official Capacity as DARS Senior Director of Disability Policy and Program Support.  Defendant Anne Panko may be served with summons at her place of employment at the following address: Department of Assistive & Rehabilitation Services, 6101 Oltorf, Austin, Travis County, Texas 78741.  Said Defendant has agreed to waive service.

7. This action is brought against Defendant Brenda Bradley Individually and in her Official Capacity as DARS Professional Relations Unit Manager.  Defendant Brenda Bradley may be served with summons at her place of employment at the following address:  Department of Assistive & Rehabilitation Services, 6101 Oltorf, Austin, Travis County, Texas 78741.  Said Defendant has agreed to waive service.

8. This action is brought against Defendant Dan Tippit Individually and in his Official Capacity as DARS Directorate Manager, Medical Relations.  Defendant Dan Tippit is a resident of Texas and may be served with process at his place of employment at the following address: Department of Assistive & Rehabilitation Services, 6101 Oltorf, Austin, Travis County, Texas 78741.  Said Defendant has agreed to waive service.

9. This action is brought against Lindy Sherman Individually and in her Official Capacity as Nurse Manager for Defendant Austin State Hospital, a facility of Defendant DSHS.

Defendant Lindy Sherman may receive service of summons at her place of employment at the following address:   Austin State Hospital, 4110 Guadalupe St., Austin, Travis County, Texas 78751.   Service may be effected by personal delivery.

      10.      This action is brought against Rebecca Lewis Individually and in her Official Capacity as Service Director for Defendant Austin State Hospital, a facility of Defendant DSHS. Defendant Lindy Sherman may receive service of summons at her place of employment at the following address:   Austin State Hospital, 4110 Guadalupe St., Austin, Travis County, Texas 78751.   Service may be effected by personal delivery.

## JURISDICTION

      11.      This action arises under 42 U.S.C. § 1983, 42 U.S.C. §2000e *et seq.*, and the First Amendment to the Constitution of the United States of America as hereinafter more fully appears.

      12.      This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. § 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

      13.      This is an action under 42 U.S.C. § 1983, and 42 U.S.C. Section 2000e *et seq.*, and the First Amendment to the United States Constitution to correct unlawful employment practices on the basis of religion.

## CONDITIONS PRECEDENT

      14.      All conditions precedent to jurisdiction have occurred or been complied with:   a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right

to sue letter.

## FACTS

15. Plaintiff Sally Crider is a member of the United Church of God and was an employee of Defendant DARS from April 2004 to September 2010. While employed with Defendant DARS, Plaintiff received several merit raises, promotions, and commendable employment evaluations. Plaintiff began her employment with DARS as a Disability Examiner and in April of 2009, Plaintiff accepted a position in the DARS Professional Relations Unit as a Professional Relations Officer (PRO). As a PRO Plaintiff played an integral role in an initiative to provide medical facilities across the state with the ability to submit medical records electronically in order to reduce the cost and increase the efficiency of DARS handling of Social Security disability claims. Plaintiff's duties as PRO included frequent travel to various parts of Texas to set up processes for healthcare providers and train employees for submission of electronic medical records for disability claimants. In May of 2010, Plaintiff received a commendable performance evaluation and a five percent (5%) raise based on her efforts and success as a PRO.

During June and July of 2010, DARS underwent a shift in upper management. Defendant Anne Panko was promoted to Senior Director of DARS Disability Policy and Program Support, Defendant Dan Tippit was hired as DARS Directorate Manager of Medical Relations, and Defendant Brenda Bradley was hired as the Manager of the Professional Relations Unit. For approximately 8 months preceding DARS' management shift, the DARS Professional Relations Unit operated without a consistent first line manager.

During July of 2010, Plaintiff requested two weeks leave from work to participate in certain Church Holy Days and Festivals that are part of Plaintiff's religion that take place during

September each year.  In August of 2010, Plaintiff inquired whether her leave to attend the religious activities would be approved.  At this time, Defendant Brenda Bradley informed Plaintiff that the leave was not approved and further informed Plaintiff that only two or three days would be considered for approval.  During the week of August 10, 2010, Plaintiff presented Defendant Brenda Bradley with a signed letter from Plaintiff's minister requesting that Plaintiff be granted excused absences from work to attend the religious activities.   Plaintiff further explained that she could not simply choose two or three days because the religious activities extended over a period of several days.

Specifically, Plaintiff requested time off, in part, to attend the Feast of Tabernacles and Last Great Day religious events which took place from September 23, 2010 through September 30, 2010.  The Feast of Tabernacles is held at specific regional church designated sites which required Plaintiff to make travel arrangements.   Plaintiff informed Defendant that because of this, Plaintiff could not limit the leave time to only two or three days.  However, Defendant still required Plaintiff to do so.

On or about August 16, 2010, Defendant Dan Tippit issued Plaintiff a "Third Level Reminder"[1] falsely accusing Plaintiff of attempting to influence the disability claim of a family member and using work travel time for personal business.  As part of the "Third Level Reminder," Plaintiff was denied any opportunity to receive, among other things, a merit salary increase, a one-time merit payment, extended sick leave, enhanced compensation awards and

---

[1] According the Texas Health and Human Services Commission (HHSC) human resources manual, a "Third Level Reminder" is the most is the final and most serious level of formal corrective action.   *See* HHSC Human Resources Manual CH. 10 §G.    The reminder provides employees with one last opportunity to correct the performance problem prior to termination.    Any alleged subsequent performance problems is grounds for the employer to immediately initiate adverse action against the employee.   *See Id.*

promotions for an entire year.

Plaintiff presented Defendant Dan Tippit with documentary evidence indicating the accusations were false. Specifically, Plaintiff provided Defendant Dan Tippit with sworn witness statements rebutting the accusations that Plaintiff attempted to influence the disability claim of a family member. Said Defendant also independently confirmed that the accusations regarding Plaintiff's travel were false. However, said Defendant indicated to Plaintiff that approval was needed from his superiors, Defendant Anne Panko and Defendant Mary Wolfe to remove Plaintiff from the level three disciplinary action. Defendant Dan Tippit subsequently informed Plaintiff she was to remain on the level three and the accusations now permanently reside in Plaintiff's personnel file in the form of disciplinary action. Defendant Dan Tippit also cancelled a business trip where Plaintiff was to visit Mental Health and Mental Retardation (MHMR) and Veterans Assistance (VA) medical facilities in Corpus Christi to assist with the implementation and training for electronic submissions of medical records as part of a Social Security Administration initiative.

On or about August 27, 2010, Plaintiff was called to meet with Defendant Brenda Bradley who continued to question Plaintiff's need to attend the religious events and again required that Plaintiff choose only two or three days. On or about August 30, 2010, Defendant Brenda Bradley informed Plaintiff that Plaintiff must submit a changed leave request for only two or three days off by the close of business on August 31, 2010 for the leave request to be considered.

The year prior, Plaintiff had the same job, requested the same days off, for the same religious holidays and Plaintiffs request was granted. In addition, another PRO was allowed vacation time for the entire week prior to Plaintiff's requested vacation time. However, Plaintiff was required to choose only two or three days.

On or about September 1, 2011, Plaintiff filed an internal discrimination complaint with the Texas Health and Human Services (HHSC) Civil Rights Office.  On or about September 10, 2011, Plaintiff was informed by Defendants Brenda Bradley and Dan Tippit that her leave was approved for September 21, 2010 through October 1, 2010 as originally requested.  The following business day, on or about September 13, 2010, Plaintiff received a "Notice of Possible Disciplinary Action" falsely accusing Plaintiff of "inappropriate travel practices and reporting activities" that allegedly occurred from January 2010 through June 2010.  However, Plaintiff received positive feedback and comments in her 2010 performance evaluation for the very trips that were now being used against Plaintiff in the disciplinary action.  Furthermore, the "travel practices" which formed the basis of the disciplinary action actually saved money for Defendant DARS and ultimately the State of Texas.  Plaintiff was also informed that no other PRO's were being investigated for travel practices similar to those which were included in Plaintiff's Notice of Possible Disciplinary Action.

Because the Notice of Possible Disciplinary Action could result in dismissal for cause, Plaintiff is entitled to basic procedural safeguards including a detailed statement of the allegations and the names of witnesses to the alleged conduct.  Though the Notice of Disciplinary Action was compiled almost entirely from sources other than the author of the notice, not a single witness name was included in the notice.  Additionally, this notice was filed in retaliation as it would result in termination three days before Plaintiff had been granted time off to attend religious activities, resulting in the loss of Plaintiff's earned vacation time.  Thus, on or about September 13, 2010, Plaintiff filed a retaliation complaint with the HHSC Civil Rights Office and rather than continue to endure Defendant's retaliatory and discriminatory actions, and risk forfeiting earned

vacation time prior to attending her religious activities, Plaintiff submitted a letter of resignation on September 15, 2011.  Defendant Brenda Bradley provided Plaintiff with an acknowledgement of Plaintiff's resignation via regular and certified mail on the same day.  In the Supervisor's Report of Employee's Separation, dissatisfaction with employer was cited as Plaintiff's reason for separation.

On or about February 22, 2011 Plaintiff interviewed for an administrative assistant position with Defendant Austin State Hospital (hereinafter "ASH"), a facility of Defendant Texas Department of State Health Services (hereinafter "DSHS").  During the interview, conducted by Defendant Lindy Sherman, Plaintiff was informed that approximately seven more days of interviews were to be conducted prior to making a final decision.  However, within approximately two hours following the interview, Defendant Lindy Sherman contacted Plaintiff and offered Plaintiff the position.  On or about March 1, 2011, Plaintiff began working as an administrative assistant for Defendant ASH, a facility of DSHS.

On or about March 3, 2011, Defendant Lindy Sherman called Plaintiff out of orientation and informed Plaintiff that the HHSC Human Resources Department received information that Plaintiff was given permission to resign her previous position with DARS in lieu of termination. Plaintiff responded that she resigned due to harassment related to Plaintiff's religion and her filing of civil rights complaints and had originally planned to relocate to Fort Worth, Texas to be with family following her resignation.  Plaintiff further informed Defendant that at no time did Plaintiff intend for her resignation from DARS to be in lieu of termination and that at no time was Plaintiff ever informed that her resignation was accepted in lieu of termination.  Following this meeting, Plaintiff and Defendant Lindy Sherman resolved to meet the following day.

Defendant Lindy Sherman was unable to meet the following day so Plaintiff returned to work and attended orientation with ASH from March 4, 2011 through March 7, 2011. On or about March 7, 2011, Plaintiff met with Defendant Lindy Sherman and Defendant Rebecca Lewis. At this meeting, said Defendants informed Plaintiff that her employment with ASH was terminated. Defendants Lindy Sherman and Rebecca Lewis stated that Plaintiff "was not the best suited for the position" and accused Plaintiff of providing misleading information regarding her previous supervisor with DARS and her reason for leaving DARS. Specifically, said Defendants conveyed to Plaintiff that information was received indicating that Plaintiff should have listed Defendants Brenda Bradley, Dan Tippit, Anne Panko, or Mary Wolfe as her previous supervisor with DARS.

Plaintiff responded that from October of 2009 until July of 2010 the DARS Professional Relations Unit did not have an immediate supervisor. Plaintiff further informed that Defendant Brenda Bradley was hired as the Professional Relations Unit Manager in July of 2010 but due to personal reasons, said Defendant's presence at work, and her interactions with Plaintiff, were limited. Thus, Plaintiff felt it was not appropriate to name Defendant Brenda Bradley because said Defendant was not familiar with the quality of Plaintiff's work. Plaintiff also provided Defendants Lindy Sherman and Rebecca Lewis with a copy of her most recent performance evaluation which was completed by Defendant Anne Panko prior to said Defendant's promotion outside of the DARS professional relations unit. Because this evaluation included a commendable performance rating with positive comments regarding Plaintiff's employment, Plaintiff informed Defendants Lindy Sherman and Rebecca Lewis that Plaintiff had no reason to not provide this individual's name as her previous supervisor, except that Plaintiff felt it was more

appropriate to include an individual who was familiar with Plaintiff's work product that most closely resembled the work Plaintiff was to perform with ASH.

To that end, Plaintiff lastly informed that, because the Instructions for Completing the State Application for Employment require that each application be tailored to the specific job posting, Plaintiff included the name of an individual who was actually familiar with the work Plaintiff performed that was similar to the work Plaintiff would perform for ASH. However, despite Plaintiff's documentation and explanations, her employment with ASH was terminated on or about March 7, 2011.

## CAUSE OF ACTION

Plaintiff incorporates each allegation set forth above by reference herein and would further show the following:

**A.**   *Claims Under 42 U.S.C. § 1983*

16.   Defendants DARS, Brenda Bradley, Dan Tippit, Anne Panko, and Mary Wolfe are persons for the purposes of liability under 42 U.S.C. § 1983.

17.   Said Defendants, acting under color of state law, deprived Plaintiff of a constitutionally guaranteed right. Specifically, said Defendants denied Plaintiff benefits and imposed burdens on the terms and conditions of Plaintiff's employment because of Plaintiff's religious beliefs.

18.   Plaintiff further alleges that said Defendants, acting under color of state law impermissibly burdened the free exercise of Plaintiff's religion.

19.   Plaintiff alleges that said Defendants failed to adequately train and supervise employees which reflects a deliberate indifference to the rights of those who interact with

Defendants and Defendants' employees which resulted in a deprivation of Plaintiff's federally guaranteed rights.

20. Plaintiff further alleges that Defendants Brenda Bradley, Dan Tippit, Anne Panko and Mary Wolfe acted with malice or with reckless indifference to the protected rights of Plaintiff.

21. Plaintiff suffered damages because of Defendant's actions and/or omissions for which Plaintiff herein sues.

C.   *Retaliation Under 42 U.S.C. § 1983*

22. Plaintiff alleges that Defendants DARS Brenda Bradley, Dan Tippit, Anne Panko and Mary Wolfe instituted a campaign of retaliation which included taking adverse employment actions against Plaintiff and constructively discharging Plaintiff from employment.

23. This retaliation was and is due to Plaintiff exercising her rights by requesting accommodation for the exercise of Plaintiff's religious beliefs.

24. Plaintiff further alleges that Defendants Brenda Bradley, Dan Tippit, Anne Panko and Mary Wolfe acted with malice or with reckless indifference to the protected rights of Plaintiff.

25. Plaintiff suffered damages for which Plaintiff herein sues.

D.   *Religious Discrimination under Title VII (42 U.S.C. §2000e et seq.)*

26. Plaintiff is an employee within the meaning of Title VII, 42 U.S.C. 2000e *et seq*. Defendants DARS, Brenda Bradley, Dan Tippit, Anne Panko and Mary Wolfe are employers within the meaning of Title VII. Said Defendants intentionally discriminated against Plaintiff because of Plaintiff's religion.

27. Said Defendants discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. §

2000e(2)(a).  The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

28. Plaintiff further alleges that Defendants Brenda Bradley, Dan Tippit, Anne Panko and Mary Wolfe discriminated against Plaintiff on the basis of religion with malice or with reckless indifference to the protected rights of Plaintiff.

29. Because of Defendants' acts and/or omissions, Plaintiff suffered damages for which Plaintiff herein sues.

### E.  *Retaliation Under Title VII (42 U.S.C. § 2000e et seq.)*

30. Plaintiff alleges that Defendants DARS, DSHS, ASH, Brenda Bradley, Dan Tippit, Anne Panko, Mary Wolfe, Lindy Sherman and Rebecca Lewis instituted a campaign of retaliation against Plaintiff which included taking adverse employment actions against Plaintiff.

31. This retaliation was and is due to Plaintiff exercising her rights by opposing discriminatory practices and filing charges of discrimination.

32. Plaintiff further alleges that Defendants Brenda Bradley, Dan Tippit, Anne Panko, Mary Wolfe, Lindy Sherman and Brenda Bradley acted with malice or with reckless indifference to the protected rights of Plaintiff.

33. Plaintiff suffered damages for which Plaintiff herein sues.

### F.  *Constructive Discharge*

34. Defendants Brenda Bradley, Dan Tippit, Anne Panko, and Mary Wolfe made the working conditions so intolerable that Plaintiff felt compelled to resign her position.  A reasonable person in the same position would have also felt compelled to resign.  Plaintiff suffered damages for which Plaintiff herein sues.

### G. *Tortious Interference with a Business Relationship*

35. Plaintiff alleges that Defendants Brenda Bradley, Dan Tippit, Anne Panko, and Mary Wolfe tortiously interfered with an existing contract or contractual relationship between Plaintiff and Austin State Hospital. Plaintiff alleges that said Defendants willfully and intentionally interfered with said contract in order to deprive Plaintiff of the full benefits of the contractual relationship. Such interference was the proximate cause of Plaintiff's damages for which Plaintiff herein sues.

### H. *Defamation*

36. Plaintiff alleges that Defendants Brenda Bradley, Dan Tippit, Anne Panko, and Mary Wolfe published statements which are defamatory concerning Plaintiff without regard for the truth of said statements.

37. Plaintiff alleges that Defendants published the defamatory statements with malice or with reckless disregard for the truth of said statements and that Plaintiff is entitled to exemplary damages.

38. Plaintiff further alleges that said Defendants orally made false statements of fact without regard for the truth of said statements and which slandered Plaintiff. Plaintiff alleges Defendants uttered the slanderous statements with malice or with reckless disregard for the truth of said statements and that Plaintiff is entitled to exemplary damages.

## DAMAGES

39. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

    a. Plaintiff was terminated from employment resulting in lost pay and

   benefits;

  b. Plaintiff was constructively discharged resulting in lost pay and benefits;

  c. Though Plaintiff has diligently sought other employment, Plaintiff has been unable to find a job.  In addition, Plaintiff has incurred expenses in seeking other employment;

  d. Plaintiff has lost her pension or retirement benefits;

  e. Plaintiff has suffered damage to her reputation in the past and future; and

  e. Plaintiff has suffered mental anguish and emotional distress, inconvenience, and loss of earning capacity.

  f. Plaintiff further requests back pay to restore her to her rightful position and front pay as the Court deems equitable and just;

  g. Plaintiff requests prejudgment and post judgment interest to the extent permitted by law;

## ATTORNEY FEES AND COSTS

40. Plaintiff is entitled to an award of attorneys fees and costs under Title VII 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1988(b).

## PUNITIVE DAMAGES

41. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.  In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for punitive damages.

## SPECIFIC RELIEF

42. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendants described hereinabove:

> a. Prohibit by injunction the Defendants from engaging in discriminatory and retaliatory employment practices directed at Plaintiff;
>
> b. Prohibit by injunction Defendants from publishing false statements regarding Plaintiff's employment with Defendants; and
>
> c. Prohibit by injunction Defendants from including derogatory comments and actions in Plaintiff's employee personnel file

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Sallie Crider, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; punitive damages, as addressed to Defendants together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Respectfully submitted,

McLAUGHLIN LAW OFFICE
Adam Froeschl
Texas Bar No. 24076390
Elizabeth McLaughlin
State Bar No. 22110500
3003 NW Loop 410, Suite 207
San Antonio, TX   78230
Tel. (210)444-9134
Fax. (210)525-0401


By:   /s/ Adam Froeschl
Adam Froeschl
Texas Bar No. 24076390
Attorney for Plaintiff

## CERTIFICATE OF FILING AND SERVICE

I, Adam T. Froeschl, hereby certify that a true and correct copy of the foregoing document was filed electronically (via CM/ECF) on this the 7th day of November, 2011 with the Clerk of Court for the Western District of Texas, and that counsel of record will be electronically advised of the filing.  A courtesy copy of Plaintiff's First Amended Complaint was also sent as indicated to the following:

**Via E-Mail to:**
Timothy E. Bray
Assistant Attorney General
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
Email: tim.bray@oag.state.tx.us
*Counsel for DSHS, ASH and*
*Individual ASH Defendants*

**Via Facsimile to:**
Cynthia Lee Burton
Assistant Attorney General
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
Fax: (512) 495-9139
*Counsel for DARS and Individual*
*DARS Defendants*


By:   /s/Adam Froeschl
Adam Froeschl
Attorney for Plaintiff